O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>    v.<br><br>AUDRA ISRAEL,<br><br>Defendant-Petitioner. | Case No. EDCV 08-376-VAP<br><br>**[Motion filed on October 6, 2008]**<br><br>**ORDER DENYING MOTION TO DISMISS 28 U.S.C. § 2255 MOTION TO VACATE OR SET ASIDE CONVICTION** |

**I.  SUMMARY OF PROCEEDINGS**

On March 18, 2008, pro se Petitioner Audra Israel filed a "Motion for Reduction of Sentence by an Inmate in Federal Custody" pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion").  On April 8, 2008, Respondent United States of America served Petitioner a copy of its "Motion to Dismiss Petitioner's § 2255 Motion" ("Motion to Dismiss"); inadvertently, Respondent did not file the Motion to Dismiss until October 9, 2008.  (See Missakian Decl. at ¶ 3.)  On April 25, 2008, Petitioner filed a "Response to the Government's Opposition to Dismiss

Petitioner's Motion 28 U.S.C. § 2255" ("Opposition").

## II. BACKGROUND

On June 6, 2002, a federal grand jury returned an eight-count indictment against Petitioner and eleven co-defendants. Count One of the indictment charged Petitioner with violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and to distribute more than fifty grams of a mixture or substance containing a detectable amount of cocaine base (crack), a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

On October 10, 2003, after eight days of trial, a jury found Petitioner guilty as charged in Count One of the indictment. On September 27, 2004, the Court sentenced Petitioner to 120 months of imprisonment. Petitioner appealed her sentence and the Ninth Circuit Court of Appeals affirmed the Court's sentence.

## III. MOVANT'S CONTENTIONS

Petitioner argues six bases for her § 2255 Motion: (1) "Ineffective counsel (Thomas McDonald)"; (2) "Conviction obtained by inaccurate amounts of drugs and money;" (3) "Governments [sic] failure to disclose plea agreements with other co-defendants;" (4) "The governments [sic] expert witness;" (5) "Sentencing is

1 excessive and unreasonable;" and (6) "Downward departure
2 for incarceration at non-federal institution."

## IV.  DISCUSSION

Respondent argues the § 2255 Motion is brought untimely and subject to denial solely on that basis.

Section 2255 requires that any motion for relief under that section must be filed within one year "from the date on which the conviction becomes final."  28 U.S.C. § 2255(1).  Petitioner's conviction became final on March 10, 2007, ninety days after the Ninth Circuit Court of Appeals denied her petition for rehearing en banc; thus, in order to be timely, any Section 2255 Motion had to be filed no later than March 10, 2008. Petitioner did not file this Motion until March 18, 2008, approximately eight days beyond the statutory deadline. Although Petitioner failed to file the Motion before the deadline, the Court nonetheless considers it timely.

The "prison mailbox rule" established by the U.S. Supreme Court in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), permits a prisoner's federal habeas petition or civil rights complaint to be deemed filed when she hands it over to prison authorities for mailing to the district court.  Applying the "mailbox rule," the Court notes that the § 2255 Motion was dated by Petitioner on February 8,

1  2008, and the envelope containing the § 2255 Motion was
2  postmarked by the United States Postal Service on
3  February 11, 2008.  (See § 2255 Mot. at 7, 9.)
4  Accordingly, the Court considers Petitioner's § 2255
5  Motion timely.

### V.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Dismiss Petitioner's § 2255 Motion for Reduction of Sentence by an Inmate in Federal Custody. The Court now orders Respondent United States of America to file a response on the merits to Petitioner's § 2255 Motion no later than June 30, 2009. Petitioner may file a reply no later than 30 days after Respondent files the response.

Dated: June 3, 2009

VIRGINIA A. PHILLIPS
United States District Judge